■ KAREN APPEL-MELLER, Respondent, v HENRY MELLER, Appellant. [728 NYS2d 160] —Order, Supreme Court, New York County (Joan Lobis, J.), entered January 24, 2000, which, *inter alia*, denied defendant's motion insofar as such motion sought to change custody of the parties' daughter and a declaration that New York retains jurisdiction to adjudicate child support issues, and granted plaintiff's application for modification of the court-ordered child visitation schedule, unanimously affirmed, without costs.

Because the standard in these matters is what serves the best interests of the child (*see, Allen v Farrow*, 215 AD2d 137, 138), we are loathe to disturb the motion court's denial of defendant's motion to change custody of the parties' 15-year-old daughter and its granting of plaintiff's application for modification of the schedule governing the child's visits with defendant. Our conclusion, however, should not be construed in any way as condoning plaintiff's conduct throughout the lengthy history of this case. She has repeatedly defied orders of the New York courts with respect to the father's visitation rights. Moreover, while the record is unclear as to whether plaintiff has intentionally influenced their daughter's desire not to visit her father in New York to such an extent that the plaintiff should be deprived of custody (*see, Matter of Krebsbach v Gallagher*, 181 AD2d 363, *lv denied* 81 NY2d 701), what is

clear is that the plaintiff is at least partially responsible for the ·child's alienation from defendant. In fact, plaintiff's and defendant's doctors agree that plaintiff has great difficulty in accepting her daughter's need to have a strong relationship with her father.

In view of the daughter's lengthy residence in Illinois and the existence of outstanding child support orders in that jurisdiction, and the circumstance that there is no outstanding child support order issued by the courts of this State, the motion court properly found that the courts of Illinois have continuing authority to adjudicate child support issues in this matter (*see*, Family Ct Act § 580-205 [d]).

We have reviewed defendant's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Andrias and Friedman, JJ.